**FILED - GR**
February 19, 2009 10:08 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _LEP___/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LYNN SHAFER,

    Plaintiff,

vs.

BARBARA S. SAMPSON, et al.,

    Defendants.
_____/

Case No. 1:08-cv-1169

Hon. Janet T. Neff

### PLAINTIFF'S RULE 60(B) MOTION
### WITH SUPPORTING BRIEF

    Plaintiff Jerry Lynn Shafer, proceeding as his own attorney, pursuant to Fed. R. Civ. Proc., Rule 60(b)(1), hereby moves this Court for relief from the Court's Opinion and Order dated January 29, 2009 for the following reasons:

    1.   Plaintiff initially filed a Complaint for Declaratory Ruling and Injunctive Relief, as a result of how the defendants conducted his parole eligibility process.

    2.   On or about January 29, 2009 the Court issued an eight page Opinion dimissing Plaintiff's complaint for failure to state a claim and that Plaintiff had no liberty interest in being released on parole.

    3.   The Court reached its conclusion based solely on the fact, that Plaintiff enjoyed no liberty interest protection, as to parole release.

    4.   The Court's analysis of Plaintiff's claims were in error and therefore, dimissal of his Complaint was not warranted under 42 U.S.C. §1997.

    **A.**   Although, Plaintiff does not have a protected liberty interest in being paroled because Michigan's parole scheme is discretionary. he does however, possess a due process right to be free from arbitrary and capricious governmental actions. See <u>Meachum v. Fano</u>, 427 U.S. 215, 230, 96 S. Ct. 2532, 2541, 49 L Ed2d 451 (1976).

    Furthermore, a legislature's grant of discretion to the parole board, does not amount to a license for arbitrary behavior. See <u>Block v. Potter</u>, 631 F.2d 233, 236 (CA 3, 1980). See also <u>Carter v. Kane</u>, 938 F. Supp 282, 285 (D.C. Pa. 1996)(recognizing that although prisoners have no liberty interest in the parole decision, a parole board that makes a decision in an entirely arbitrary manner can thereby violate due process).

In his Complaint, Plaintiff alleged that the defendants' double usage of factors already considered by the Parole Guidelines, in denying parole, violated Mich Complied Laws §§791.233e(2)(d)&(6) and his right to due process. Specifically, because MCL 791.233e(2)(d)&(6) prohibits the parole board from using twice, what has already been considered by the Parole Guidelines in the calculation of parole eligibility. For Defendants to do exactly what the statute prohibits, denied Plaintiff due process because Defendants' actions were arbitrary and capricious. Meachum, supra.

**B.** The United States Supreme Court in Wilkinson v. Dotson, 125 S. Ct. 1242, 1248 (2005) held, that a prisoner could bring a §1983 action for due process violation against the parole board, for the manner inwhich the board conducted the prisoner's parole eligibility and/or suitability for parole. Here, Plaintiff merely seeks to have his parole eligiblity process conducted in accordance with Mich Compiled Laws §§791.223e(2)(d)&(6).

For the reasons stated above, Plaintiff Jerry Lynn Shafer, respectfully requests that this Court grant him relief from the final order of the Court dated January 29, 2009, and allow his case to proceed.

Respectfully Submitted:

*Jerry L. Shafer*
Jerry Lynn Shafer #619283
Pugsley Correctional Facility
7401 E. Walton Road
Kingsley, Michigan 49649

Dated: 2-17-08

- 2 -